IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY PRZYBYLO, | ) | |
|     Plaintiff, | ) | 1:10-cv-4575 |
| | ) | Judge Darrah |
| v. | ) | Magistrate Judge Denlow |
| | ) | |
| PROFESSIONAL RECOVERY SERVICES, INC., | ) | |
|     Defendant. | ) | JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

1. Plaintiff, Jeffrey Przybylo ("plaintiff"), brings this action to secure redress for unlawful debt collection practice engaged in by defendant Credit Collection Services in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), and 15 U.S.C. §1692k (FDCPA).

3. Venue is appropriate because a substantial portion of the events that gave rise to this cause of action occurred here.

## PARTIES

4. Plaintiff is an individual who resides in this District.

5. Professional Recovery Services, Inc. ("PRS") is a debt collection agency located in New Jersey. Its registered agent in Illinois is CT Corporation Service, 208 S. LaSalle St. Suite 814, Chicago, Illinois 60604.

1

## FACTS

6. PRS called plaintiff numerous times and left voicemails that did not state that PRS is a debt collection agency.

7. The voicemails PRS left for plaintiff were prerecorded. Counsel is in possession of several recordings of these voicemails.

8. Plaintiff has no preexisting relationship with PRS.

## COUNT I - FDCPA

9. Plaintiff incorporates all previous paragraphs.

10. The FDCPA, 15 U.S.C. §1692e prohibits false, deceptive or misleading statements, and 1692e(11) requires that a debt collector disclose that he is, indeed a debt collector:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> \*\*\*\*
>
> **(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.**

11. PRS' voice messages were "communications" for purposes of debt collection within the meaning of the FDCPA, and defendant was required to make the disclosures required by 15 U.S.C. §§ 1692d(6) and 1692e(11). *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350 (11th Cir. 2009), *Ramirez v. Apex Fin. Mgt., LLC*, 567 F. Supp. 2d 1035 (N.D. Ill. 2008);

*Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Leyse v. Corporate Collection Servs.,* 03 Civ. 8491 (DAB), 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

WHEREFORE, plaintiff requests that this Court enter judgment in favor of plaintiff and against defendant for:

    a.    Statutory damages;

    b.    A declaration that the defendant's actions violate the FDCpa;

    c.    Attorney's fees and costs of suit; and

    d.    Any other relief the court deems proper.

### **COUNT II - TCPA**

12.    Plaintiff incorporates all previous paragraphs.

13.    Plaintiff has no relationship with defendant.

14.    The TCPA, 47 U.S.C. §227(b), prohibits calling a person on their landline telephone using a prerecorded message where there is no preexisting relationship between the caller and the called party, including in situations where the caller is a debt collection agency and the recipient of the calls is not the debtor. See *Watson v. NCO Group, Inc.*, 462 F. Supp. 2d 641, 646-647 (E.D. Pa. 2006).

3

15. PRS therefore violated the TCPA each time it called plaintiff using a prerecorded message.

WHEREFORE, plaintiff requests that this Court enter judgment in his favor and against defendant for:

a. Statutory damages; treble damages if found to be willful;

b. An injunction against defendant from using prerecorded messages in calls to plaintiff, unless defendant can show a preexisting relationship;

c. A declaration that the defendant's actions violated the TCPA;

d. Costs of suit; and

e. Any other relief the Court deems fit.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands trial by jury.

Respectfully submitted,

/s/Alexander H. Burke

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, documents and all other tangible things that relate to plaintiff and the account which the defendant was calling, the events described herein, any third party called in association with any telephone call, campaign, account, sale or file associated with plaintiff or and any account or number or symbol relating to him or his phone number. These materials are very likely relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant make written demand of such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke