IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY PRZYBYLO, | ) | |
|     Plaintiff, | ) | 1:10-cv-4575 |
| | ) | Judge Darrah |
| v. | ) | Magistrate Judge Denlow |
| | ) | |
| PROFESSIONAL RECOVERY SERVICES, INC., | ) | |
|     Defendant. | ) | JURY TRIAL DEMANDED |

**AMENDED COMPLAINT**

1. Plaintiff, Jeffrey Przybylo ("plaintiff"), brings this action to secure redress for unlawful debt collection practice engaged in by defendant Credit Collection Services in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227.

**JURISDICTION**

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), and 15 U.S.C. §1692k (FDCPA).

3. Venue is appropriate because a substantial portion of the events that gave rise to this cause of action occurred here.

**PARTIES**

4. Plaintiff is an individual who resides in this District.

5. Professional Recovery Services, Inc. ("PRS") is a debt collection agency located in New Jersey. Its registered agent in Illinois is CT Corporation Service, 208 S. LaSalle St. Suite 814, Chicago, Illinois 60604.

**FACTS**

6. PRS left at least eleven prerecorded messages on plaintiff's voice mail within one year of the filing of this complaint. Plaintiff has no relationship with PRS. Plaintiff is not the person from which PRS was attempting to collect.

7. The voicemails PRS left did not state that PRS was a debt collection agency, did not state that PRS was confirming or correcting location information concerning anyone, and identified the defendant as "PRS".

8. Upon information and belief, based upon the fact that plaintiff is not the correct debtor, PRS obtained plaintiff's telephone number from a source other than from the creditor on behalf PRS was attempting to collect, such as a skip trace company.

9. Upon information and belief, it is the practice of PRS to obtain telephone numbers form skip trace companies. Information PRS receives from skip trace companies is not always correct.

10. PRS therefore knew that there was a good possibility that the telephone number it received from the third party skip trace company in this case did not belong to the debtor.

11. Upon information and belief, other receiving plaintiff's phone number from the skip trace company, defendant did not make any other attempt to ensure that the phone number it received was for the correct person.

12. Instead, PRS loaded the "new" number it received into its collection system, and subsequently placed the number into an automatic telephone dialing campaign.

13. It was not a "mistake" for PRS to have left multiple prerecorded messages on the wrong person's voice mail. Any bona fide effort for PRS to identify whether it was calling the correct telephone number would have included having a human being call plaintiff and ask whether plaintiff was the debtor. Such a call would have revealed that plaintiff was not the debtor.

### COUNT I - FDCPA

14. Plaintiff incorporates all previous paragraphs.

15. The voice mails defendant left for plaintiff violated, 15 U.S.C. §§ 1692b, 1692c, 1692e and other sections of the FDCPA, as described above.

16. Debt collectors that receive telephone numbers from questionable or third party sources are not "entitled" to call those numbers repeatedly without having confirmed that the telephone number is for the correct person.

17. A debt collector should make reasonable efforts to confirm the correctness of any telephone number it calls.

18. Failure to take such measures places an unfair burden on innocent recipients of errant prerecorded and other telephone calls and is a violation of the FDCPA as to the incorrectly called person; in this case, plaintiff. See, e.g. 15 U.S.C. §§ 1692d, 1692e and 1692f.

WHEREFORE, plaintiff requests that this Court enter judgment in favor of plaintiff and against defendant for:

    a. Statutory damages;

    b. A declaration that the defendant's actions violate the FDCPA;

    c. Attorney's fees and costs of suit; and

   d. Any other relief the court deems proper.

## COUNT II - TCPA

 19. Plaintiff incorporates all previous paragraphs. Counts I and II are brought either in addition to one another, or as alternatives to one another.

 20. Plaintiff has no relationship with defendant.

 21. The TCPA, 47 U.S.C. §227(b), prohibits calling a person on their landline telephone using a prerecorded message where there is no preexisting relationship between the caller and the called party. This includes situations where the caller is a debt collection agency and the recipient of the calls is not the debtor. See *Watson v. NCO Group, Inc.*, 462 F. Supp. 2d 641, 646-647 (E.D. Pa. 2006).

 22. PRS should have known that plaintiff was not a debtor.

 23. Because plaintiff was not the debtor PRS was attempting to contact, and because PRS knew or should have known this, the calls PRS made to plaintiff were not "debt collection calls."

 24. PRS therefore violated the TCPA each time it called plaintiff using a prerecorded message.

WHEREFORE, plaintiff requests that this Court enter judgment in his favor and against defendant for:

   a. Statutory damages; treble damages if found to be willful;

   b. An injunction against defendant from using prerecorded messages in calls to plaintiff, unless defendant can show a preexisting relationship;

   c. A declaration that the defendant's actions violated the TCPA;

4

d. Costs of suit; and

e. Any other relief the Court deems fit.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands trial by jury.

Respectfully submitted,

/s/Alexander H. Burke

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, documents and all other tangible things that relate to plaintiff and the account which the defendant was calling, the events described herein, any third party called in association with any telephone call, campaign, account, sale or file associated with plaintiff or and any account or number or symbol relating to him or his phone number. These materials are very likely relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant make written demand of such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke

5