IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY PRZYBYLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 10-CV-4575 |
| v. | ) | |
| | ) | Judge: Darrah |
| PROFESSIONAL RECOVERY SERVICES, | ) | |
| INC., | ) | Magistrate Judge Denlow |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Professional Recovery Services, Inc., ("PRS") by and through its attorneys David M. Schultz and Jennifer W. Weller and for its Memorandum in Support of its Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule 12(b)(6) states as follows:

## I. INTRODUCTION

Plaintiff attempts to allege violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA") and Telephone Consumer Protection Act,. 47 U.S.C §227(b), ("TCPA") because Defendant, a debt collector, allegedly obtained Plaintiff's residential landline telephone number when skiptracing another person, called the telephone number and left him eleven voicemail messages in a one year period.  Plaintiff does not plead that he is a consumer or that Defendant was attempting to collect consumer debt by placing the voicemail messages.  Plaintiff alleges that PRS's messages did not state that PRS was a debt collection agency, did not state that PRS was confirming or correcting location information concerning anyone, and identified the defendant as "PRS."   (Compl., ¶7).  Plaintiff does not otherwise state the content of the alleged telephone messages.

130033196v1 0915855 07791

On these facts Plaintiff alleges that Defendant violated §§1692b, 1692c and 1692e of the FDCPA, (Compl., ¶15) and references violations of §§1692d and 1692f, (Compl., ¶18). Plaintiff's FDCPA claim fails because (1) he fails to plead that he is a consumer or that Defendant was attempting to collect consumer debt and (2) he fails to plead facts supporting violations of §§1692b-f.

Plaintiff's TCPA claim similarly fails because Plaintiff alleges that Defendant is a debt collection agency that obtained his residential telephone number while skiptracing another person, loaded the telephone number into its collection system and placed the number into its automatic telephone dialing campaign and called the number.  Defendant's calls fall within the TCPA's commercial purpose exemption for calls to residential landline telephone numbers. Accordingly Plaintiff's Second Amended Complaint should be dismissed with prejudice.

## II.  ALLEGATIONS

Plaintiff alleges that Defendant left at least eleven prerecorded messages on plaintiff's voice mail on his residential telephone line within one year of the filing of the complaint. (Compl., ¶6).  Plaintiff has no relationship with PRS.  (Compl., ¶6).  Plaintiff is not the person from whom PRS was attempting to collect.  (Compl., ¶6).  The voicemails PRS left did not state that PRS was a debt collection agency, did not state that PRS was confirming or correcting location information concerning anyone, and identified the defendant as "PRS."  (Compl., ¶6). PRS obtained plaintiff's telephone number from a source other than from the creditor, such as a skip trace company.  (Compl., ¶8).  It is the practice of PRS to obtain telephone numbers from skip trace companies.  (Compl., ¶9).  Information PRS receives from skip trace companies is not always correct.  (Compl., ¶9).  PRS allegedly knew that there was a good possibility that the telephone number it received from the third party skip trace company did not belong to the

2

debtor. (Compl., ¶10). Other than receiving plaintiff's phone number from the skip trace company, defendant did not make any other attempt to ensure that the phone number it received was for the correct person. (Compl., ¶11). PRS loaded the number it received into its collection system and placed the number into an automatic telephone dialing campaign. (Compl., ¶12). It was not a "mistake" for PRS to have left multiple prerecorded messages on the wrong person's voice mail. (Compl., ¶13). Any bona fide effort for PRS to identify whether it was calling the correct telephone number would have included having a human being call plaintiff and ask whether plaintiff was the debtor. Such a call would have revealed that plaintiff was not the debtor. (Compl., ¶13). The voice mails defendant left for plaintiff allegedly violated, 15 U.S.C. §§1692b, 1692c, 1692e and other sections of the FDCPA. (Compl., ¶15). A debt collector allegedly should make reasonable efforts to confirm the correctness of any telephone number it calls and failure to take such measures is a violation of the FDCPA as to the incorrectly called person. See, e.g. §§1692d,1692e and 1692f. (Compl., ¶17,18). Plaintiff also alleges that PRS violated the TCPA when it left him prerecorded messages on his landline telephone because Plaintiff has no relationship with defendant. (Compl., ¶¶20-24).

### III. ARGUMENT

#### A. Plaintiff's FDCPA claims should be dismissed.

The FDCPA only applies to debt collectors attempting to collect consumer debt arising from personal, family or household purposes. 15 U.S.C. §1692a(5). Plaintiff fails to allege that Defendant's voicemail messages were made in an attempt to collect consumer debt and fails to allege that he is a consumer under the FDCPA. *Dokumaci v. MAF Collection Services*, 2010 WL 2560024 (M.D.Fla. June 17, 2010)(granting motion to dismiss because Plaintiff failed to plead facts to support his conclusion and claim that he was a consumer as defined by 1692(a) or that

Defendant was a debt collector as defined by Section 1692(a)(6)); *Sullivan v. CTI Collection Services*, 2009 WL 1587588 (M.D.Fla.,2009)(granting motion to dismiss where Plaintiff failed to adequately plead that he was the subject of debt collection or that defendant was a debt collector).  While not every provision of the FDCPA requires that a Plaintiff bringing suit be a consumer, the Act only applies to collection of consumer debt and Plaintiff's failure to plead that Defendant was attempting to collect consumer debt alone dooms his FDCPA claims.  Moreover, Plaintiff must do more than merely cite the alleged provisions of the FDCPA that he claims were violated.  *Clemente v. IC Systems, Inc.,* 2010 WL 3855522 (E.D.Cal., Sept. 29, 2010)(allegations that merely plead the elements of a cause of action under the FDCPA, supported by legal conclusions are insufficient to state a plausible claim for relief).

Plaintiff alleges, "The voice mails defendant left for plaintiff violated, 15 U.S.C. §§1692b, 1692c, 1692e and other sections of the FDCPA, as described above"[1] and alleges "Failure to take such measures places an unfair burden on innocent recipients of errant prerecorded and other telephone calls and is a violation of the FDCPA as to the incorrectly called person; in this case, plaintiff.  See, e.g. 15 U.S.C. §§1692d, 1692e and 1692f."  (Compl., ¶¶15,18).  Other than generic references to the FDCPA, Plaintiff's complaint does not allege which section is violated and Plaintiff acknowledges that the messages were not intended for him. *See Tucker v. CBE Group, Inc*., 710 F.Supp.2d 1301 (M.D.Fla.,2010)(summary judgment granted in favor of Defendant on Plaintiff's Section 1692d(5), 1692e(2), 1692e(10), 1692f(1) and 1692g claims and Defendant awarded sanctions where Plaintiff admitted he knew Defendant's telephone calls were not intended for him, Defendant obtained Plaintiff's telephone number by skiptracing his daughter, Defendant never spoke with Plaintiff, Defendant made a total of 57

_____

[1] There are no other FDCPA "sections" described in paragraphs 1-14.

130033196v1  0915855  07791

calls, leaving 6 messages and Plaintiff failed to dismiss claims where complaint alleged five FDCPA violations, but Plaintiff had one legally plausible claim); *see also Rhinehart v. CBE Group, Inc.*, 714 F.Supp.2d 1183 (M.D.Fla.,2010)(summary judgment granted on Plaintiff's Section 1692d(5), 1692d(6), 1692e(10), 1692e(11) claims noting CBE never contacted her at the four telephone numbers identified in the Complaint and never even spoke with her). Plaintiff's reference to these sections does not meet the plausibility standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 173 L.Ed2d 868 (2009). Under *Iqbal:*

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id*. at 1949.

Even if Plaintiff's claims are facially plausible, Plaintiff has not adequately plead a claim under Sections 1692c-f of the FDCPA.

### (a)  Sections 1692b, 1692c

While not every FDCPA claim requires that a Plaintiff be a consumer, a claim under Section 1692c must be brought by a consumer. Section 1692c governs (a) communication with the consumer, (b) communication with third parties, (c) ceasing communication with the consumer and (d) gives a definition of "consumer" for purposes of the section as the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator. Section 1692c

5

provides that it is permissible for a debt collector to contact a third party if the debt collector is in compliance with Section 1692b.[2] Section 1692c(b) provides:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. 15 U.S.C. §1692c(b).

Plaintiff does not allege how Defendant's voicemails violated Section 1692c. He does not allege that he is a consumer or that Defendant communicated with a third party regarding a debt that he owed. The fact that Plaintiff alleges Defendant was calling a wrong number when it called Plaintiff demonstrates that Plaintiff cannot bring a claim under Section 1692c.

In *Deuel v. Santander Consumer USA*, 700 F.Supp.2d 1306 (S.D.Fl. 2010), Defendant called Plaintiff's cellular phone dozens of times in an attempt to collect a debt from someone else. Plaintiff attempted to bring a claim under 15 U.S.C. §1692c(b). Defendant claimed that as a non-consumer, Plaintiff lacked standing to bring a claim under 1692c(b). The court agreed, holding that because Plaintiff did not allege that she was obligated to pay the debt or that defendant claimed she was obligated to pay the debt, Plaintiff was not a consumer under the FDCPA and did not have standing to maintain an action for violation of 15 U.S.C. §1692c(b).

In *Johnson v. Ocwen Loan Servicing*, 2010 WL 892851 (11th Cir. Mar. 15, 2010), the court held that Plaintiff lacked standing to bring a claim under the FDCPA because the provisions of the Act cited by Plaintiff, §§ 1692c-g, 1692j were designed to "protect 'consumers'

---

[2] Section 1692b does not provide a basis for a claim by a third party against a debt collector. It merely sets forth the requirements under which a debt collector may communications with a third party for the purpose of acquiring location information.

6

from abusive debt collection practices and other deceptive actions taken by creditors." Accordingly, the court found that because Johnson was not a debtor or "consumer" of the loan, she was not protected by the statutes she cited and, therefore, lacked standing.

In *Meadows v. Franklin Collection Service*, 2010 WL 2605048 (N.D.Ala. June 25, 2010), Plaintiff alleged that Defendant violated the FDCPA by attempting to collect a debt at an inconvenient time, by communicating with a person other than the debtor and by attempting to collect a debt through harassing, oppressing or abusive conduct. Plaintiff also alleged that Defendant violated the TCPA by making a prerecorded call to a residential telephone line. As to the Section 1692c(b) claim, the court found that Plaintiff lacked standing to bring a claim, stating:

> The crux of 1692c(b) and the injury it is intended to prevent is the dispersal of a debtor's private information to another party. As that is the interest protected, only the debtor has standing to bring an action for a violation of 1692c(b). *Id.* at *4.

Since Plaintiff fails to allege that he is a consumer and that Defendant disclosed his debt to a third party, he has failed to allege a claim under Section 1692c.

### (b) Section 1692d

Section 1692d prohibits "conduct the natural consequence of which is to harass, oppress, or abuse any person." 15 U.S.C. §1692d. Plaintiff alleges that Defendant violated the FDCPA by calling the wrong number and leaving eleven prerecorded voicemail messages over a one year period where Plaintiff knew the calls were not for him. He references Section 1692d, although he does not state how Defendant violated that section. Plaintiff does not set forth the content of Defendant's voice mail messages and does not describe the frequency or pattern of the calls other than to state that eleven calls were made over the course of one year.

130033196v1 0915855 07791

In *Tucker v. Malcolm S. Gerald and Associates, Inc.*, 2010 WL 1223912 (M.D.Fla.,2010) the court found that Plaintiff's Complaint failed to meet Rule 8's requirement that it contain a short and plain statement of the facts and failed to meet *Twombly's* plausibility standard when it merely recited statutory elements of the FDCPA without describing how Defendant's calls violated the Act. The court stated:

> The Court is of the opinion that Plaintiff's Complaint is largely comprised of formulaic recitations of the statutory elements of violations of the FDCPA and does not allege facts sufficient to meet the requirements of *Twombly* and *Iqbal* discussed above. The conduct Defendant is alleged to have undertaken in seeking and demanding payment for an alleged debt is to call Plaintiff's phone number without leaving any message, failing to disclose that the call is from a debt collector, failing to disclose its identity as a debt collector, and not sending Plaintiff a debt validation letter. (citation omitted). These factual statements regarding Defendant's conduct are insufficient to support the FDCPA violations alleged.
>
> For example, Plaintiff's Complaint does not describe the number, frequency or pattern of calls to support his conclusory allegations that such calls were made at a time or place known or which should be known as inconvenient to Plaintiff or that the natural consequence of Defendant's conduct was to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt. *Id*. at *2.

In *Sclafani v. BC Services, Inc.*, 2010 WL 4116471 (S.D.Fla.,2010), Plaintiff alleged that Defendant left seven voice messages for Sclafani over the course of six months. In finding that Plaintiff failed to allege a pattern that Defendant "attempted to annoy, abuse, or harass" her, the court stated:

> Sclafani alleges that BC Services also "left similar or identical messages on other occasions[,]" but does not substantiate those claims or provide additional detail. (Pl.'s Compl. ¶ 10.) Sclafani cites no case suggesting that so few calls over the course of so many months demonstrates an intent upon the part of a defendant to annoy, abuse, or harass the person answering the phone. *Id*. at *4.

The FDCPA does not prohibit Defendant from engaging in debt collection- the fact that it made eleven prerecorded telephone calls to Plaintiff in an alleged attempt to contact someone other than Plaintiff does not give rise to harassing conduct under Section 1692d. *See Arteaga v.*

130033196v1 0915855 07791

*Asset Acceptance, LLC,* 2010 WL 3310259 (E.D.Cal.,2010)(daily or nearly daily calls in an attempt to collect a debt did not constitute harassment absent evidence that debt collector called debtor immediately after she hung up, called multiple times in a single day, called her place of employment, family, or friends, called at odd hours, or called after she requested creditor to cease calling.); *Meadows v. Franklin Collection Service*, 2010 WL 2605048 (N.D.Ala. June 25, 2010)(300 calls on debts that were not Plaintiff's debts between October 2006 and March 2009 did not rise to the level of harassment); *Tucker v. CBE Group, Inc.*, 710 F.Supp.2d 1301 (M.D.Fla.,2010)(57 calls with not more than 7 calls in a given day to Plaintiff's home telephone number in an attempt to reach Plaintiff's daughter did not constitute harassment under Section 1692d(5)); *see also Rhinehart v. CBE Group, Inc.*, 714 F.Supp.2d 1183 (M.D.Fla.,2010). Plaintiff has not alleged any facts sufficient to find that Defendant's eleven calls over a one year period was "conduct the natural consequence of which is to harass, oppress, or abuse any person." 15 U.S.C. §1692d.

### (c) <u>Section 1692e and f</u>

Section 1692e prohibits false or misleading representations or means in connection with the collection of any debt and sets forth 16 subsections providing examples of conduct that is violative of the section. Section 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt" and provides eight examples of conduct that is violative of the section.

Plaintiff fails to reference any particular subsection of Section 1692e or 1692f and fails to describe what false or misleading representations or unfair or unconscionable means were made or utilized by Defendant. In fact, Plaintiff does not even state that Defendant made any false or

130033196v1 0915855 07791

misleading representations or utilized unfair or unconscionable means in connection with the collection of a debt- he merely references Section 1692e and f. (Compl., ¶¶15,18).

In *Sembler v. Attention Funding Trust*, 2009 WL 2883049 (E.D.N.Y.,2009), the court noted that Plaintiff's allegations were insufficient under *Twombly* and *Iqbal* where plaintiff merely concluded that defendants' communications constituted "threats and warnings" or were "abusive and insulting." The court stated:

> The FDCPA prohibits conduct "the natural consequence of which is to harass, oppress, or abuse," 15 U.S.C. § 1692d, threats of harm to one's person or reputation, 15 U.S.C. § 1692d(1), or threats of legal action where there is no intention to take such action. 15 U.S.C. § 1692e(5); see also U.S.C. § 1692f(6) (prohibiting the threat of certain unjustified or unlawful non-judicial action). However, plaintiff does not specify the content or nature of the "threats," or how the threats allegedly violated the FDCPA. Moreover, plaintiff's claims that the communications were "abusive and insulting" is simply too vague and conclusory to state a claim under the FDCPA. Rather than identifying the content of the communications, plaintiff concludes that the communications were "abusive." Plaintiff cannot merely track the language of the statute without alleging accompanying facts in his pleading. *Iqbal*, 129 S.Ct. at 1949 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " (*quoting Twombly*, 550 U.S. at 555)). *Id.* at *2.

In this case Plaintiff's allegations are even less descriptive than the *Sembler* case. Plaintiff does not even claim that Defendant's messages were abusive or harassing. At best, Plaintiff simply concludes that because Defendant called a wrong number that it obtained through a skip tracing service and left eleven automated voice mail messages over a one year period, it violated Section 1692e and f of the FDCPA. Plaintiff's conclusion that Defendant's conduct violated Section 1692e and f come nowhere close to demonstrating that Defendant made false or misleading representations or engaged in unfair and unconscionable conduct as required under *Twombly* and *Iqbal*.

## B. Plaintiff's TCPA claim must be dismissed

10

Plaintiff alleges that Defendant is a debt collector, obtained his telephone number through skip tracing, loaded the number into its collection system and placed eleven automated calls to him.  Plaintiff claims, "Because plaintiff was not the debtor PRS was attempting to contact, and because PRS knew or should have known this, the calls PRS made to plaintiff were not "debt collection calls."  (Compl., ¶23).  However, the fact that PRS called a wrong number does not change the nature of its telephone calls.  In fact, Plaintiff claims that PRS obtained his telephone number in connection with skip tracing another debtor.  The fact that PRS called the wrong person does not change the nature of its calls.

The TCPA prohibits any person from initiating a telephone call to a residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order of the Federal Communications Commission (FCC).  47 U.S.C. § 227(b)(1)(B). The FCC has exempted calls made by a party with whom the subscriber has an established business relationship and has also exempted calls that do not transmit an unsolicited advertisement and are made for commercial purposes. 7 FCC Rcd 8752, 8773 (1992); 10 FCC Rcd 12391, 12400.  The FCC has found that an express exemption for debt collection calls is unnecessary because:

> [P]rerecorded debt collection calls are adequately covered by exemptions adopted
> in our rules. Our rules explicitly exempt calls made either by a party with whom
> the subscriber has an established business relationship or calls that do not transmit
> an unsolicited advertisement and are made for a commercial purpose…We have
> specifically noted that "prerecorded debt collection calls [are] exempt from the
> prohibitions on [[[prerecorded] calls to residences as ... commercial calls ... which
> do not transmit an unsolicited advertisement."     10 FCC Rcd. 12391, 12400
> (1995).

Plaintiff cites *Watson v. NCO Group, Inc.*, 462 F.Supp.2d 641 (E.D.Pa 2006) to support his claim that the TCPA prohibits Defendant's calls.  In *Watson*, Plaintiff claimed that he

11

received more than 200 prerecorded telephone calls from a debt collector to whom he owed no debt. Defendant argued that those calls were subject to the TCPA's exemption for debt collection calls and moved to dismiss the complaint. In denying the motion to dismiss, the court noted that the complaint stated a claim because an erroneously called non-debtor has no existing business relationship with the debt collector and the FCC's exemption does not extend to those calls.

The *Watson* court was wrong, however, because it focused only on the established business relationship exemption and failed to consider that debt collection calls are also exempt as calls that do not transmit an unsolicited advertisement and are made for a commercial purpose. 47 CFR 1200(a)(2). The *Watson* court erroneously treated the two separate exemptions as a single exemption, stating, "[s]ince an erroneously called non-debtor has no such existing business relationship, it follows that the purview of the FCC's exemption does not extend to the type of calls made in this case." *Id*. at 644.

In *Meadows v. Franklin Collection Service, Inc*., 2010 WL 2605048 (N.D.Ala. June 25, 2010) Plaintiff claimed that Defendant violated the TCPA by placing prerecorded calls to her residential telephone line. Plaintiff claimed that the TCPA's debt collection exemption did not apply because she was a non-debtor. The court disagreed granting summary judgment in favor of Defendant and noting that the FCC has determined that "all debt collection circumstances are excluded from the TCPA's coverage" and such exemption was broad enough to cover Defendant's conduct.

As in the *Meadows* case, the calls made to Plaintiff fall within the commercial call exemption. Although Plaintiff does not plead the purpose for Defendant's calls, Plaintiff alleges that Defendant is a debt collection agency, that it obtained plaintiff's number from a skip trace

12

130033196v1 0915855 07791

company, loaded the number into its collection system and subsequently placed the number into an automatic telephone dialing campaign. (Compl., ¶5,8,12). Accordingly, the allegations demonstrate that the calls were made in the course of Defendant's business and were for a commercial purpose. Moreover, Plaintiff does not claim that the calls were accompanied by an unsolicited advertisement. Accordingly, Defendant's calls are exempt from the TCPA as commercial calls and Count II must be dismissed.

WHEREFORE, Defendant Professional Recovery Services, Inc., respectfully requests that this court grant its Motion to Dismiss Counts I and II of Plaintiff's Second Amended Complaint with prejudice and for such further relief as this court deems appropriate and just.

Respectfully submitted,

David M. Schultz
Jennifer W. Weller
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000
(f) 312-704-3001

By: s/*Jennifer W. Weller*
    One of the attorneys for Defendant
    Professional Recovery Services, Inc.

13

130033196v1 0915855 07791